UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ISLAND FARMS, LLC, ET AL.                                                                    PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:21-CV-721-HTW-ASH

UMB BANK, N.A., AND HORNE LLP                                                       DEFENDANTS

ORDER

Defendant Horne LLP asks the Court to consolidate this case with the later-filed case of *Turner et al. v. UMB Bank, N.A. et al.*, Civil Action No. 3:23-CV-5-HTW-ASH.[1] Mot. [101]. As explained below, the motion is denied without prejudice.

I.      Facts and Procedural History

Plaintiffs in this case and in *Turner* are farmers who allege they sold grain to Express Grain Terminals, LLC, but Express Grain failed to pay them for that grain. They say Horne and Defendant UMB Bank, N.A., "provided banking and accounting services that enabled and sustained Express Grain's fraud and turned a blind eye to Express Grain's impending collapse." 2d Am. Compl. [97] ¶ 3.

Express Grain filed a voluntary petition for chapter 11 bankruptcy in the Northern District of Mississippi in September 2021. On November 8, 2021, Island Farms, LLC, Porter Planting Company, and Wyatt Farm Partnership filed this lawsuit against UMB on behalf of themselves and a putative class. They added Horne as a defendant in May 2023. Meanwhile, on December 7, 2022, Howard Turner d/b/a Triple Tee Farms and Killebrew Cotton Co. filed

---

[1] Horne originally also sought consolidation with a third case it removed to the Northern District of Mississippi. But that third case, *M&W Farms et al. v. UMB Bank, N.A. et al.*, has since been remanded. No. 3:23-CV-53-MPM-RP, 2023 U.S. Dist. LEXIS 180641, 2023 WL 6516451 (N.D. Miss. Oct. 5, 2023).

*Turner* against UMB and Horne in Holmes County Circuit Court. Horne removed *Turner* to this Court on January 5, 2023, and on February 1, 2023, the *Turner* plaintiffs moved to remand. That motion remains pending.

On May 8, 2023, Horne filed its motion to consolidate this action with *Turner* and the since-remanded *M&W Farms*. UMB agrees the cases should be consolidated, UMB Resp. [109], but Plaintiffs oppose consolidation, Pls. Mem. [106].

II.     Analysis

Federal Rule of Civil Procedure 42(a) governs consolidation and provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). Among other reasons, "[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989).

The consolidation analysis is complicated here by the pendency of a motion to remand in *Turner*, which is based on similar—if not identical—grounds for remand raised in *M&W Farms*. According to the Complaint in *Turner*, "[t]he state of residence of the majority of the equity partners of Horne LLP is Mississippi." *Turner*, No. 3:23-CV-5-HTW-ASH, Compl. [1-2] ¶ 6. Apparently lacking diversity jurisdiction, Horne removed *Turner* to this Court based on bankruptcy jurisdiction under 28 U.S.C. §§ 157, 1334, and 1452(a). Horne removed *M&W Farms* to the Northern District of Mississippi on the same basis. *M&W Farms et al. v. UMB Bank, N.A. et al.*, No. 3:23-CV-53-MPM-RP, Not. of Removal [1] (N.D. Miss. Mar. 9, 2023).

But on October 5, 2023, Judge Michael P. Mills remanded *M&W Farms* to state court. *M&W Farms et al. v. UMB Bank, N.A. et al.*, No. 3:23-CV-53-MPM-RP, 2023 U.S. Dist. LEXIS 180641, 2023 WL 6516451 (N.D. Miss. Oct. 5, 2023).

The Court agrees with then district judge Gregg Costa that jurisdictional issues should generally be addressed before consolidation "because a court must have jurisdiction over a case before it can start applying procedural mechanisms like consolidation." *Washington v. Burley*, No. 3:12-154, 2012 WL 5289682, at *2 (S.D. Tex. Oct. 23, 2012). At a minimum, Judge Mills's decision in *M&W Farms* demonstrates a serious subject-matter jurisdiction question in *Turner* that weighs against consolidation of these cases at this time.

Additionally, the pending motion to remand in *Turner* creates procedural dissimilarities between it and this action. Pursuant to Local Rule 16(b)(1)(B), "all discovery not relevant to the remand or referral issue" is stayed in *Turner*. That is not the case here. There would be little efficiency gained by consolidating a case in which discovery is stayed based on a motion to remand with a case lacking such a stay or the reasons necessitating one.

Horne and UMB Bank also argue that consolidation is proper to "avoid the risk of inconsistent rulings by ensuring a single judge addresses discovery disputes and legal questions presented by dispositive motions that would be common across the cases." UMB Resp. [109] at 4; *see also* Horne Rebuttal [118] at 1 (arguing "that consolidation would produce superior efficiency by (a) enabling the same court to rule on nearly identical issues and thus avoid the risk of inconsistent judgments"). Prior to the remand of *M&W Farms*, Defendants had a point about the risk of inconsistent rulings. Currently, however, both this action and *Turner* are assigned to the same district judge and the same magistrate judge. The risk of inconsistent rulings is substantially reduced.

While some factors like the similarity of the claims and issues favor consolidation, the jurisdictional question and minimal risk of inconsistent rulings weigh against consolidation at this time. If the Court denies the motion to remand in *Turner*, Defendants may file a new motion to consolidate. For now, the motion to consolidate [101] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2024.

> s/ *Andrew S. Harris*
> UNITED STATES MAGISTRATE JUDGE